Charles Eugene MARTINEZ,
Appellant,

v.

The STATE of Texas.

No. PD–1654–04.

Court of Criminal Appeals of Texas.

Nov. 2, 2005.

Stanley G. Schneider, Houston, for Appellant.

Jeri Yenne, Crim. Dist. Atty, David Bosserman, Asst. Crim. Dist. Atty., Angleton, Matthew Paul, State's Atty., Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the unanimous Court.

Appellant was convicted of indecency with a child and sentenced to ten years' imprisonment and a fine of $15,000. On appeal, he argued that the trial court erroneously admitted the hearsay testimony by the complainant's mother as a victim outcry statement. The court of appeals affirmed appellant's conviction,[1] and we granted review to determine if the testimony was properly admitted under Article 38.07 of the Texas Code of Criminal Procedure.[2] Because the hearsay statements made by complainant's mother were erroneously admitted, we reverse the judgment of the court of appeals and remand the case for that court to decide whether the admission of that hearsay was harmful error.

---

1. *Martinez v. State,* 10–03–00052–CR, 2004 WL 2066760, 2004 Tex.App. LEXIS 8359 (Tex.App.-Waco 2004) (not designated for publication).

2. Specifically, this Court granted review to resolve the following issues:

   1) Whether the court of appeals erred in holding that there is no error when an outcry statement admitted pursuant to TEX.

CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp.2004), is admitted for the truth of the matter asserted in the statement; and

   2) Whether "outcry" testimony is admissible pursuant to TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp.2004), when the State is not relying on the uncorroborated testimony of a person whose testimony is subject to Article 38.07.

## I.

Appellant was charged with three counts of indecency with Ashley, a child younger than seventeen years of age.[3] At trial, the State's evidence showed that appellant ran Mustang Christian Ranch, a work ranch for troubled teens. The State presented two witnesses to prove these indecency charges: Ashley's mother and Ashley herself. According to the testimony of her mother, Ashley, who was thirteen years old, was sent to the Mustang Christian Ranch for a two-day period in January of 2001. Ashley's mother testified that after Ashley came home from the ranch, she was "belligerent" and "angry." The prosecutor then asked Ashley's mother to repeat what Ashley had told her about appellant's actions. Appellant promptly objected to the questioning of Ashley's mother regarding these hearsay statements. While the trial judge allowed the prosecution to continue its line of questioning, he remarked that he would not allow the admission of hearsay statements. However, as the prosecutor continued to question Ashley's mother regarding Ashley's statements—and appellant continued to object to the admission of hearsay evidence—the court . began to overrule appellant's objections and to allow Ashley's mother to relate the out-of-court statements made by Ashley.[4] Finally, the court instructed the jury that while hearsay testimony was generally inadmissible, it was admissible if the statement was the initial outcry of a victim of sexual molestation.[5] The trial court then allowed Ashley's mother to testify regarding the content of Ashley's outcry statement to her. Appellant again objected, stating, "I do not believe it's permitted under the

---

3. Appellant was also charged with indecency with a child and injury to a child involving a second complainant. A majority of the evidence in the State's case related to the charges involving the second child, but the jury acquitted appellant of those charges; thus, we need not detail any of that evidence.

4. The trial court stated:
   Let me make sure the jury does understand this. You have commonsense. I have mentioned that, folks. You can't draw any implications from anything. You can listen to what the witness said. If there's a conversation that's related, you can consider that if I allow it. But you can't presume something was said if you haven't heard what was said unless there's credible evidence before you indicating that. The reason I'm telling you this is the fact that this witness contacted her father, you can't presume Ashley said anything specifically to this witness and make that presumption just because she contacted her father. If counsel wants to ask this witness what Ashley told her, and I let that come in, then you can consider that and give it whatever weight, if any, you choose. But don't get caught up in trying to evaluate innuendos and implications.

5. Specifically, the trial court told the jury,
   Let me solve this problem. So the jury will understand this, ladies and gentlemen, and again, I'm trying to give you these instructions so you will understand that your job is to judge the credibility of the evidence. Under the law what a person says as related by another person is never admissible as a general rule because it's hearsay because the other person is not present to be cross-examined to determine what their source of information was. So you can't have one witness tell what another witness said. But in a molestation allegation, the law provides that the alleged victim, that the first person that alleged victim makes a statement to, qualifies as to what is called an "outcry." And the witness is allowed to relate what she was told by the purported victim. But they can't draw opinions or conclusions as to what that victim meant. They can only tell us what was said. So, Counsel, you can ask this witness what was said. But, ma'am, you can't give us opinions as to whether she was molested or whether she wasn't or what happened. You can tell exactly what Ashley told you. Then this jury can judge the credibility of that. But you can't give your opinions on what she told you because that's improper.

rules, under the facts of this case, just for the record." The trial court again overruled appellant's objection, and asked the witness to repeat what Ashley told her verbatim. Ashley's mother did so:

She had said that he had come in while she was sleeping. I believe that was Saturday night. And had started running his hand up her blouse. She said she started coughing to try to wake somebody or try to get him to move. And that he finally did later on get up and go out of the room. When I asked her if she knew it was him, she told me that there was a mirror that was standing there, and as he got up, she saw his reflection off of it. . . . She said the next day Mr. Martinez sent people out—the boys out to go to work. He said he wanted to talk to her about her behavior. . . . She told me that at that point she was asked to sit on the bed. Mr. Martinez sat on the bed with her, and asked her something to the effect of, would you let a boy do this, and he put his hand underneath her blouse. . . . And then she said that he got on top of her, or forced her to get on top of him. And she said that the whole time she was wanting to get up, but she couldn't. He was holding her down and rubbing up against her.

Ashley took the stand immediately after her mother. Her in-court rendition of the events was very similar to the version that Ashley had told her mother. On direct examination, Ashley testified that during the first night of her stay, she awoke to find her "hand was rubbing on [appellant's] leg," and later that night she "felt him rubbing inside [her] shirt." She said that, during the following afternoon, appellant again "put his fingers between the buttons" of her shirt, and asked her if she "would let a guy do that to [her]." Appellant then forced Ashley to lie on the bed, and he "got on top" of her and began "rubbing his genitalia against [her] genitalia." She stated that appellant then left the room to answer the telephone, but returned and "grabbed [her] and put [her] on top of him." Ashley stated that appellant continued to hold her on top of him and "move up and down" until he heard his wife walk in the door.

Based upon this evidence, the jury convicted appellant and sentenced him to ten years' imprisonment. Appellant argued on appeal that the trial court's admission of Ashley's hearsay statements made to her mother was improper under Article 38.072 of the Texas Code of Criminal Procedure [6] because at the time of the events Ashley was thirteen years old, and Article 38.072 applies only to children twelve years of age or younger.[7] The court of appeals held that, while appellant was correct that the statements were inadmissible under Article 38.072, they were admissible under Ar-

---

**6.** Section 2(a) of this provision states:
This article applies only to statements that describe the alleged offense that:
(1) were made by the child against whom the offense was allegedly committed; and
(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.
Under Subsection (b), "[a] statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if" certain notice and procedural

requirements are fulfilled and the child testifies or is available to testify at the proceeding.

**7.** *Id.,* art. 38.072, § 1 ("This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger: (1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses) . . .''). Appellant also argued that the trial court improperly commented on the weight of the evidence. However, this issue is not before the court, and therefore not discussed.

ticle 38.07.[8] Concluding that the trial court came to the right conclusion for the wrong reason, the court of appeals affirmed the trial court's judgment.[9]

In a dissent, Justice Vance stated that these hearsay statements were not admissible under either Article 38.072 or Article 38.07.[10] He argued that Article 38.07 allows otherwise inadmissible hearsay testimony only when corroboration is required. Because Ashley was thirteen at the time of the offense, corroboration was not required, and therefore her mother's hearsay statements were inadmissible. In a footnote, the dissent also pointed out that:

> Even if corroboration were required [under Article 38.07], only the fact of the crime, and not its details, may be admitted under this exception. When properly admitted, the statement is not hearsay at all, since it is admitted not for the truth of the matter asserted, but only for the fact of its utterance. See Brown v. State, 649 S.W.2d 160, 162 (Tex.App.-Austin 1983, no pet.).[11]

Because of the confusion concerning the appropriate scope and application of Articles 38.072 and 38.07, we granted review.

## II.

Article 38.072 is a rule of admissibility of hearsay evidence. Article 38.07 is a rule concerning sufficiency of the evidence.[12] These statutes serve related but entirely distinct purposes. They are not interchangeable. Indeed, never the twain shall meet.

### A. Article 38.072: Hearsay Statement of a Child Abuse Victim.

▋ Hearsay statements, while generally inadmissible, may be admitted under specific conditions when public policy supports their use, and the circumstances surrounding the making of those statements pedigree their reliability.[13] The enactment of Article 38.072 is a legislative determination that one such specific situation is the outcry statement of a child victim of sexual or physical abuse.[14] Because it is often

---

**8.** TEX.CODE CRIM. PROC. art 38.07 is titled "Testimony in Corroboration of Victim of Sexual Offense," and it reads:

> (a) A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.
> (b) The requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person:
> (1) 17 years of age or younger;
> (2) 65 years of age or older; or
> (3) 18 years of age or older who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm.

**9.** Martinez, 2004 WL 2066760 at *1, 2004 Tex.App. LEXIS 8359, at *2–3.

**10.** Id. at *1–2, 2004 Tex.App. LEXIS 8359, at *4–5 (Vance, J., dissenting).

**11.** Id. at *1 n. 2, 2004 Tex.App. LEXIS 8359, *5 n. 2.

**12.** See Carmell v. Texas, 529 U.S. 513, 518 n. 2, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (noting that "Texas courts treat Article 38.07 as a sufficiency of the evidence rule, rather than as a rule concerning the competency or admissibility of evidence").

**13.** See HOUSE COMMITTEE ON CRIMINAL JURISPRUDENCE, Bill Analysis, Tex. H.B. 579, 69th Leg., R.S. (1985) (noting that "[g]enerally, out-of-court statements offered at trial as proof of the matter asserted are inadmissible hearsay. Various exceptions to the hearsay rule exist when circumstances make the out-of-court statements reliable."). House Bill 579 was enacted as TEX.CODE CRIM. PROC. art. 38.072.

**14.** See Garcia v. State, 792 S.W.2d 88, 91 (Tex.Crim.App.1990) (noting that by enacting the "child outcry" hearsay exception in arti-

traumatic for children to testify in a courtroom setting, especially about sexual offenses committed against them, the Legislature enacted Article 38.072 to admit the testimony of the first adult a child confides in regarding the abuse.[15] This witness may recite the child's out-of-court statements concerning the offense, and that testimony is substantive evidence of the crime.[16]

However, the use of such out-of-court statements is carefully limited. Only those statements made to a person eighteen years of age or older qualify, and then only if the child was twelve or younger when the abuse occurred.[17] The State must provide adequate pretrial notice to the defendant of its intent to introduce the child outcry statement, and it must provide the name of the outcry witness and a summary of the hearsay statement.[18] Furthermore,

the trial court must first determine, outside the presence of the jury, that the statement is reliable "based on the time, content, and circumstances of the statement." [19] And the child must testify at trial or be available to testify.[20]

Thus, Article 38.072 is a rule of evidence admissibility, allowing trial courts to admit some hearsay statements in the prosecution of certain offenses against children when those statements are made under the specified conditions. This statute serves the societal interests of promoting the fair prosecution of child abuse cases and of protecting children in court by allowing the admission of their casual "street corner" confidences to an adult as a supplement to (or sometimes even a substitute for) [21] what may be halting, incoherent, or traumatic in-court testimony.

cle 38.072, the Legislature "was obviously striking a balance between the general prohibition against hearsay and the specific societal desire to curb the sexual abuse of children"); *see also Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App.1991). In *Rodriguez,* this Court referred to HB 579 and its legislative history and stated,

> Under Art. 38.072, by both the terms of the statute and by the legislative history, outcry testimony admitted in compliance with Art. 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony. *See generally* HB 579 bill analysis, including "Background Information" and "Purpose" for Acts 1985, 69th Legislature; HB 579, Second Reading, May 9, 1985; HB 579, Third Reading, May 13, 1985.

15. *See* Floor Notes on Hearing by Criminal Jurisprudence Committee on House Bill 579 (69th Legislature, May 9, 1985). The bill analysis notes that supporters of the bill argued:

> It is often difficult for young children to repeat, in courtroom settings in front of total strangers, what they have previously told someone about an offense committed against them, especially in cases where they

have been sexually abused. Because they usually make poor witnesses, their assailants are often freed. Under current law, the people whom these children trust and in whom they have confided in are barred from repeating what they have been told because it is considered hearsay. This bill would protect these young children from the trauma of having to describe and relive the offenses in trial testimony.

16. *See Rodriguez,* 819 S.W.2d at 873.

17. Tex.Code Crim. Proc. art. 38.072, §§ 1 & 2(a).

18. *Id.,* § 2(b)(1).

19. *Id.,* § 2(b)(2).

20. *Id.,* § 2(b)(3).

21. The Confrontation Clause may act as a brake upon the admission of "testimonial" child outcry statements unless the child actually testifies or is presently unavailable but has been subject to cross-examination in a prior proceeding. *See generally Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

## B. Article 38.07: Testimony in Corroboration of Victim of Sexual Offenses.

Article 38.07 differs from Article 38.072 in several essential respects. While Article 38.072 assists the prosecution by making certain hearsay outcry statements admissible, Article 38.07 protects the accused by creating a statutory corroboration requirement.[22] Its purpose is almost exactly opposite to that of Article 38.072: this is a defendant-protecting statute, rather than a child-victim-protecting statute. It limits the circumstances in which the State may obtain a conviction for sexual offenses based on the testimony of a competent adult[23] to situations in which: (1) the victim made an outcry within one year of the criminal act; or (2) there is other evidence that corroborates the victim's testimony.

This statute may well be the vestigial tail of an outmoded era, but it had its genesis in early opinions from this Court. As long ago as 1896, this Court stated that, in rape cases,

All of the authorities teach that, where a case of this character rests solely upon the testimony of the prosecutrix, it is the duty of the jury to scrutinize and weigh her testimony very carefully; and in every case it is considered important as corroborative of her evidence that, soon after the alleged rape, she made complaint of the outrage.[24]

By 1936, this judicial and societal scepticism—perhaps based on the old adage that "Hell hath no fury like a woman scorned"—had evolved into a real "rule":

a conviction for rape by force will not be sustained on the uncorroborated testimony of a woman who waits too long before announcing her decision that she has been raped, unless the delay is supported by ... cogent reasons[.][25]

This rule apparently evolved as a reflection of "judicial concern that the victim had actually consented and thus was in some sense an accomplice or akin to one."[26]

22. Tex.Code Crim. Proc. art. 38.07.

23. The statute specifically exempts any need to corroborate the testimony of (1) a child seventeen or under, (2) a person sixty-five or older, and (3) an adult "who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm." Tex.Code Crim. Proc. art. 38.07(b).

24. *Price v. State*, 36 Tex.Crim. 143, 145, 35 S.W. 988, 988 (1896); *see also Pefferling v. State*, 40 Tex. 486 (1874). In *Pefferling*, the Texas Supreme Court stated that, in rape prosecutions,

the proof of the offense depends very frequently upon the testimony of the party charged to have been outraged, and in most cases, to a very great extent, upon the truth and credibility of her evidence, and unquestionably every reasonable test should be applied to her integrity, for the safety of the accused. Hence, the failure to make outcry, or call for aid when it might have been readily obtained, or within reasonable time

to discover the offense after an opportunity to do so, are circumstances tending to discredit her testimony. But if the absence of these circumstances tend to raise the presumption that her testimony is false or feigned, proof of them repels the suspicion which their absence raises. It has, therefore, been universally held that recent complaint by the person injured, her state and appearance, marks of violence, and the condition of her dress, shortly after the alleged occurrence, may be proved as original evidence ...

*Id.* at 492.

25. *Gray v. State*, 130 Tex.Crim. 289, 293, 93 S.W.2d 1146, 1148 (1936).

26. 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 31.351 at 226 (2d ed.2001) (collecting cases). But as Professors Dix and Dawson note,

The Texas case law does not, however, reflect careful and critical consideration of whether this [later, in-court testimony by a

In 1975, the Texas Legislature set out to abolish the judicially created corroboration requirement, but instead ended up enshrining it in Article 38.07.[27] Nonetheless, the general legislative purpose, both in 1975 and in later amendments, was to make conviction in rape cases easier to obtain by reducing the impact of the traditional, judicially created corroboration requirement.[28]

Thus, Article 38.07 requires the State to offer *some*[29] corroborative evidence, such as eyewitness testimony, a defendant's admissions, medical testimony, or other circumstantial proof, if the competent adult complainant in a sexual assault prosecution has not informed any adult, other than the defendant, of the alleged offense within a year of its commission.[30] Of course, if the victim's statements to that witness are oth-

> rape victim] is in fact so extraordinarily unreliable or of whether juries are so extraordinarily unable or disinclined to recognize this unreliability as to warrant the safeguards provided by the corroboration rule. *Id.* at 227.

**27.** *See id.* (noting that the proposal to abolish the corroboration requirement "was met with concern that such action would eviscerate the *rights of those accused of sexual offenses*").

**28.** *Id.*

**29.** In *Nemecek v. State*, 621 S.W.2d 404, 406–07 (Tex.Crim.App.1980) (panel op.), we adopted the same sufficiency standard to corroboration of rape victim testimony—evidence that tends to connect the defendant with the offense—that was already applied to the corroboration of accomplice-witness testimony. *See* TEX.CODE CRIM. PROC. art. 38.14. Professors Dix and Dawson, however, suggest that this standard is poorly tailored to the original judicial concern of corroborating the rape victim on the issue of consent. *See* DIX & DAWSON, *supra*, § 31.353 at 232.

**30.** Unfortunately, Article 38.07 provides no explicit guidance as to what evidence should be admitted to prove that the victim made an outcry. As a result, there has been some inconsistency among the courts of appeals regarding exactly what testimony is admissible. Still, most courts agree that Article 38.07 may be used only to prove that an outcry was made. In fact, in *Rodriguez v. State*, 819 S.W.2d at 873, we stated as much while describing how outcry evidence should be used under Article 38.072: "the court of appeals treated the outcry testimony as proof only that [the] outcry had been made and not as evidence of the truth of the testimony, as though it was admitted pursuant to Article 38.07." However, some courts allow admission of a verbatim recital of the victim's entire

outcry statement, followed by a limiting instruction, if so requested. *See Heckathorne v. State,* 697 S.W.2d 8 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd). The *Heckathorne* court stated

> an outcry should not be admitted for its truth, but merely as evidence that the victim informed someone of the offense. The jury was entitled to hear the complainant's statements alleging an offense, because these statements formed the basis upon which the charge was initiated. Had appellant requested a limiting instruction to the jury to consider this testimony only for the narrow purpose that a statement was made and not for the statement's truth, the trial judge would have been obliged to grant it.

*Id.,* at 12; *see also Grogan v. State,* 713 S.W.2d 705, 709–10 (Tex.App.-Dallas 1986, no pet.). Other courts of appeals have been more circumspect concerning the nature and extent of the testimony admissible under the statute. *See Brown v. State,* 649 S.W.2d 160, 162 (Tex.App.-Austin 1983, no pet.) ("The witness' testimony is admissible to show that the complaint was made and the basic nature of the complaint. It is not admissible to prove the actual details of the sexual attack or even that the sexual attack actually occurred").

Further, some courts of appeals have held that, even when evidence of outcry is not required by Article 38.07, an outcry statement is admissible under the statute as otherwise relevant evidence. *See Heckathorne,* 697 S.W.2d at 13 (finding that although outcry evidence was not a *"prerequisite* to the prosecution" because victim was a child as defined by Article 38.07, evidence of outcry was still admissible under the statute). Other courts have held that such evidence is inadmissible under the statute. *See Brown,* 649 S.W.2d at 162 ("We believe in light of the fact that the State did not seek a conviction on the 'uncor-

erwise admissible under the hearsay rule, then the witness may recount the victim's outcry. But Article 38.07 is not itself an exception to the hearsay rule.

In sum, Article 38.07 deals with the *sufficiency* of evidence required to sustain a conviction for sexual assault but does not act as a hearsay exception, while Article 38.072 deals with the *admissibility* of evidence that would otherwise be barred by the hearsay rule.

### III.

■ In the present case, the trial court found that the testimony of Ashley's mother reciting Ashley's outcry statement was admissible under Article 38.072.[31] There is no dispute that Ashley was thirteen years old when the offense occurred and that Article 38.072 applies only if the victim is twelve years of age or younger at the time of the offense. Thus, the court of appeals was correct in finding that the statement was inadmissible under Article 38.072.[32]

■ However, the court of appeals then stated that Ashley's mother's testimony "was admissible under the general outcry statute, Code of Criminal Procedure Article 38.07, and the trial court strictly limited the testimony to its proper scope."[33]

This conclusion is mistaken. First, because Ashley fits into one of the Article 38.07(b) exceptions—she was under seventeen at the time of the offense—the State was not required to prove that Ashley made any outcry statement. Therefore, Ashley's mother's statement was neither necessary nor admissible under Article 38.07. However, as the dissent noted,[34] even if Article 38.07 did apply, this testimony went well beyond establishing that Ashley had in fact made an outcry statement to her mother regarding appellant's criminal acts. Ashley's mother recounted exactly what Ashley said to her.

■ The State argues that even if the testimony were inadmissible under Article 38.07, Ashley's statement to her mother fits within the excited utterance hearsay exception.[35] Of course, evidence that is otherwise admissible under a hearsay exception or exemption is not barred by Article 38.07, but the record fails to support the State's position. Ashley's mother testified that Ashley cried the evening she returned from appellant's ranch, and that the following day she was angry. However, this alone is not sufficient to prove that Ashley "was still dominated by the emotions, excitement, fear or pain of the event" when she told her mother about the

roborated testimony of the victim of the sexual offense' ... [Article 38.07] is inapplicable. Accordingly, the [witness's] testimony was improperly admitted.").

If the Legislature did intend Article 38.07 to allow the admission of detailed outcry statements, the statute would have a much more far-reaching effect than Article 38.072, because it would allow *any* outcry statement to come into evidence when the Article 38.07 criteria are met. Such a rule would be inconsistent with the evident purpose and history of Article 38.07.

**31.** While neither the trial judge nor the attorneys explicitly mentioned Article 38.072 during the trial, and it is unclear from the trial record whether the judge was referring to

Article 38.072 or 38.07, both parties, as well as the court of appeals, concluded that the trial judge was referring to Article 38.072 to support his ruling admitting Ashley's mother's recital of her daughter's outcry. We therefore accept this conclusion.

**32.** *Martinez,* 2004 WL 2066760 at *1, 2004 Tex.App. Lexis 8359 at *2.

**33.** *Id.* at *1, 2004 Tex.App. Lexis 8359 at at *3.

**34.** *Id.* at *1 n. 2, 2004 Tex.App. Lexis 8359 at at *5 n. 2.

**35.** Tex.R. Evid. 803(2).

alleged acts.[36] She had not been near appellant for over two days,[37] and there is no evidence in the record that she was "in the instant grip of violent emotion, excitement or pain" immediately before or during her recount of the events.[38] Without further evidence that Ashley had no time or opportunity to calm herself and reflect upon the two-day-old events, we cannot conclude that her statements to her mother fit the excited utterance exception to the hearsay rule.

■■■■ The State also argues that even if the statements should not have been admitted under Article 38.07, the appellant did not make the appropriate objection, and therefore waived his right to complain on appeal. However, the record reflects that appellant made numerous objections to the introduction of the outcry evidence.[39] While it is true that appellant never stated the actual rule the judge was apparently using to allow the statements into evidence,[40] his objections were certainly sufficient.[41] Appellant objected to the testimony as hearsay; it was hearsay, and thus his objection was both proper and sufficient.[42] If the testimony fit some exception or exemption to the hearsay rule (or if the evidence was not being offered for the truth of the matter asserted) the State, as the proponent of the evidence, had the burden of demonstrating the applicability of that exemption or exception.[43]

Finally, the State argues that even if the testimony was improperly admitted, it was harmless error. Because the court of appeals found that the admission of the testimony was not error, it did not conduct a

---

**36.** See *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex.Crim.App.2003).

**37.** While the State argues in its brief that Ashley's "statement to her mother was approximately one day after she returned home from the Appellant's ranch," the trial record reflects that she did not make any outcry statement until the Wednesday morning following her return from the ranch on Sunday evening. Although the time lapse between the event and the statement is not dispositive of whether the statement fits within the excited utterance exception, it is a piece of evidence which may be considered. *Zuliani*, 97 S.W.3d at 595–96.

**38.** *Zuliani*, 97 S.W.3d at 595. The record does indicate that Ashley was "very upset," but nothing more was stated regarding her state of mind when she told her mother about the incidents.

**39.** By our count, appellant objected to Ashley's mother's testimony regarding the outcry statement five times before the trial court finally gave him a running objection to the testimony.

**40.** Again, we note that it is not completely clear to us what rule the judge was using to admit the statements. It could have been either article 38.07 or 38.072. However, none of the parties involved made any direct reference to any statutory provision on the record. Obviously the opponent of evidence cannot object on the basis that certain evidence is not admissible under a specific rule if the offering party and the trial court never state that the evidence is being admitted under a specific rule.

**41.** See Tex.R.App. P. 33.1(a). An objection is sufficient if it was timely made and "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

**42.** See *Lankston v. State*, 827 S.W.2d 907, 910 (Tex.Crim.App.1992) ("Identifying challenged evidence as hearsay or as calling for hearsay should be regarded by courts at all levels as a sufficiently specific objection, except under the most unusual circumstances.") (citations omitted).

**43.** *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n. 5 (Tex.2004) ("The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence.").

harm analysis. Despite the fact that both the appellant and the State discuss the issue of harm at length, that issue is not before us. We will therefore defer to the court of appeals to determine whether the admission of the outcry statement was harmless error.

In sum, the trial judge erred in admitting Ashley's outcry statement to her mother under either Article 38.072 or Article 38.07. Her statement was not an excited utterance, and no other grounds for admitting it were offered. Therefore, we reverse the judgment of the court of appeals, and remand the case to that court to conduct a harm analysis.