IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD 1379-09






PHYLLIS ANNE WOODALL, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Cochran, J., filed a concurring opinion in which Hervey, J., joined.


O P I N I O N 


 I join the majority opinion with the understanding that this case will be remanded for
the court of appeals to address appellant's remaining, unresolved issue of whether the State
carried its burden to establish a proper foundation for admitting Ms. Pinedo's prior grand-jury testimony into evidence after she had left the witness stand. The estoppel doctrine does
not apply to that question because the proponent of evidence bears the burden of establishing
the foundation requirements for admitting evidence as an exception to the hearsay rule once
the opponent makes a proper objection. (1)


Filed: March 2, 2011

Publish
1. Taylor v. State, 268 S.W.3d 571, 578-79 (Tex. Crim. App. 2008) ("Once the opponent
of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the
evidence to establish that an exception applies that would make the evidence admissible in spite
of its hearsay character."); Martinez v. State, 178 S.W.3d 806, 815 (Tex. Crim. App. 2005).