

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD 1379-09

### PHYLLIS ANNE WOODALL, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

COCHRAN, J., filed a concurring opinion in which HERVEY, J., joined.

### O P I N I O N

I join the majority opinion with the understanding that this case will be remanded for the court of appeals to address appellant's remaining, unresolved issue of whether the State carried its burden to establish a proper foundation for admitting Ms. Pinedo's prior grand-jury testimony into evidence after she had left the witness stand. The estoppel doctrine does not apply to that question because the proponent of evidence bears the burden of establishing the foundation requirements for admitting evidence as an exception to the hearsay rule once

the opponent makes a proper objection.[1]

Filed: March 2, 2011
Publish

---

[1] *Taylor v. State*, 268 S.W.3d 571, 578-79 (Tex. Crim. App. 2008) ("Once the opponent of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character."); *Martinez v. State*, 178 S.W.3d 806, 815 (Tex. Crim. App. 2005).