

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00309-CR

**CHARLES WOMBA HOLMES,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 08-03005-CRF-85

## MEMORANDUM  OPINION

Charles Womba Holmes appeals from a conviction for the offense of sexual assault of a child for which he was sentenced to seventeen years in prison. TEX. PEN. CODE ANN. § 22.021(a)(1)(B) (West Supp. 2012). Holmes complains that the evidence was insufficient to find that he committed the offense beyond a reasonable doubt and that the trial court abused its discretion in admitting a recording of a telephone conversation between the victim and himself because the victim, a child, was legally incapable of consenting to the recording. We affirm.

*Sufficiency of the Evidence*

Holmes complains that the evidence was insufficient for the jury to have found that he committed the offense beyond a reasonable doubt. Holmes bases his argument on the concept that the testimony of P.S.B., the victim, contained inconsistences and could not have been found to be credible when viewed with his testimony and that of two witnesses who testified that P.S.B. and her mother made statements that indicated that the allegations were fabricated.

Our review of evidentiary sufficiency determines whether, by viewing the evidence in the light most favorable to the verdict, any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Because the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony, the jury may accept one version of the facts and reject another or it may reject any part of a witness's testimony, and we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *See Brooks*, 323 S.W.3d at 899; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), *overruled on other grounds by Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009). We accord almost complete deference to the jury's determinations of

credibility and resolve any inconsistencies in the evidence in favor of the verdict. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

The testimony of a child victim is sufficient to support a conviction for aggravated sexual assault of a child and corroboration of that testimony is not required. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005). Holmes argues that the evidence was insufficient because the evidence was conflicting between P.S.B. and her mother's testimony versus the testimony of Holmes and his two witnesses and because the jury deliberated for over nine hours before rendering its verdict. We disagree.

The jury was in the best position to observe the witnesses directly and the jury was in the best position to determine which witnesses were credible or were not credible. The inconsistencies in the testimony of the witnesses and the possible motive of the victim to fabricate the story were all before the jury, and it was their determination that Holmes was in fact, guilty of the offenses. The fact that the jury deliberated for a significant amount of time demonstrates that the jury weighed the evidence carefully before determining their verdict. By viewing all of the evidence in a

light most favorable to the verdict and giving the appropriate deference to the jury's credibility determinations, we find that there was legally sufficient evidence for the jury to determine that Holmes committed the offenses as charged. We overrule issue one.

*Admission of Evidence*

Holmes complains in his second issue that the trial court abused its discretion in admitting a recording of a telephone conversation between Holmes and P.S.B. because P.S.B., a minor, was legally incapable of consenting to the recording of the conversation. The State responds that Holmes failed to preserve this complaint because he did not object to the admission of the recording on this basis.

Holmes's objection to the admission of the recording was "as improper foundation," "the chain of custody, who's had this tape, who's intervened or anything of this nature—whether it's the original tape or whether it's been—been altered." The trial court overruled the objection. Holmes did not object that P.S.B. was incapable to consent to the making of the recording to the trial court. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. Accordingly, Holmes failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 25, 2012
Do not publish
[CR25]