

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00187-CR

**JONATHAN LENARD WOMACK,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-53-C2

## MEMORANDUM  OPINION

Jonathan Lenard Womack appeals from convictions of three counts of aggravated sexual assault and one count of indecency with a child by exposure.  TEX. PEN. CODE ANN. §§ 22.021 & 21.11 (Vernon 2003).  Womack was sentenced to imprisonment for forty-five (45) years on each of the aggravated sexual assault charges and ten (10) years on the indecency charge, with the sentences to be served consecutively, and a $5,000 fine on each of the four charges.  Womack complains that the evidence was legally and factually insufficient to sustain his convictions.  Because

we find that the evidence was legally sufficient, we affirm the judgment of the trial court.

*Legal Sufficiency*

Womack's complains in his first issue that the evidence was legally insufficient for the jury to have found that he committed the offenses for which he was convicted because there was no physical evidence of any offense; the only witness to the occurrences was T.E. herself; T.E.'s mother and siblings do not believe her; and Womack denied touching her entirely.

*Standard of Review*

There is now only one standard for determining the sufficiency of the evidence, which is the standard as set forth in *Jackson v. Virginia*. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.). In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We consider all of the evidence admitted at trial, even improperly admitted evidence, when performing this sufficiency review. *Clayton*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004).

*The Facts*

Womack married T.E.'s mother in Georgia some time prior to the family moving to Texas. T.E. stated that Womack first touched her inappropriately while they were

still living in Georgia by the penetration of her vagina and anus with his fingers, mouth, and penis. T.E. testified that this occurred more than once while they were in Georgia, although her statements were inconsistent as to how many times it had occurred. When the family moved to Texas, T.E.'s mother got a job that necessitated her leaving the home very early in the morning and Womack would get T.E. and her two sisters up and ready for school in the mornings. The family had lived in Texas for approximately eight to nine weeks prior to Womack's arrest. On the last weekend of September in 2008, T.E.'s mother was in Dallas for the weekend due to her job. T.E. testified to a similar incident that occurred that weekend as well as another that took place on the day before she told her mother what had been occurring.

Upon making the outcry, T.E.'s mother took T.E. to the hospital where a SANE (Sexual Assault Nurse Examiner) exam was performed. No DNA was collected, which was most likely due to the passage of time and showering. When the police were at the residence to collect evidence, T.E. showed the police a washcloth that she indicated Womack had used to wipe off the "white stuff" he had ejaculated; however, it did not have the presence of any male cells on it. The clothing T.E. claimed that she was wearing and that Womack had gotten semen onto on the day of the last incident had already been washed by Womack before the police came to the residence to collect evidence.

Neither T.E.'s mother nor her grandmother believed T.E.'s version of events. Rather, Womack attempted to establish that T.E. was afraid of Womack because of bad grades she had just gotten and so she made up the outcry before anything could happen

to her. Womack had disciplined T.E. before for her bad grades. Womack testified and denied ever touching T.E. inappropriately. Further, Womack had been diagnosed with genital herpes; yet T.E. testified that he never used a condom and T.E. later tested negative for herpes.

*Analysis*

The testimony of a child victim is sufficient to support a conviction for aggravated sexual assault or indecency with a child and corroboration is not required. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005). Further, it is the responsibility of the jury to determine the credibility and weight of the witnesses' testimony, as we are unable to observe the demeanor and credibility of the witnesses from a cold record. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

The absence of physical evidence does not render the evidence insufficient. *Glockzin v. State*, 220 S.W.3d 140, 148 (Tex. App.—Waco 2007, pet. ref'd) (factual sufficiency analysis). Rather, the lack of physical or forensic evidence is a factor that the jury may consider in weighing the evidence. *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).

Because the jury was in the best position to observe the witnesses directly, the jury was in the best position to determine which witnesses were credible or were not credible. The inconsistencies in the testimony of the witnesses, the lack of physical evidence, and the possible motive of the victim to fabricate the story were all before the jury, and it was their determination that Womack was in fact, guilty of the offenses. By

viewing the evidence in a light most favorable to the verdict and giving the appropriate deference to the jury's credibility determinations, we find that there was legally sufficient evidence for the jury to determine that Womack committed the offenses as charged. We overrule issue one.

*Factual Sufficiency*

Womack complains in his second issue that the evidence was factually insufficient for the jury to have found him guilty of the offenses. Because the Court of Criminal Appeals recently held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient," we overrule Womack's second issue. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

*Conclusion*

Having overruled each issue on appeal, we affirm the trial court's judgment.


                                    TOM GRAY
                                    Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed January 12, 2011
Do not publish
[CRPM]