**Affirmed as Modified and Opinion Filed November 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00357-CR**

**KENNETH WALDEN REEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-2032115-I**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Partida-Kipness

A jury found Appellant Kenneth Walden Reel guilty of continuous sexual abuse of a young child. The trial court assessed punishment at twenty-five years' imprisonment and entered judgment accordingly. In two issues on appeal, Reel contends: (1) the evidence is legally insufficient to support his conviction; and (2) the trial court reversibly erred by instructing the jury it could consider any act of abuse up to August 2022. By two cross-issues, the State contends the judgment should be modified to reflect: (1) an affirmative finding the victim was younger than fourteen years old; and (2) the age of the victim at the time of the offense was nine

or ten years old. We sustain the State's cross-issues and modify the judgment accordingly. We otherwise affirm.

## BACKGROUND[1]

Reel is the step-grandfather of N.V., the complainant. Reel and his wife Dorothy (N.V.'s biological grandmother) live in The Woodlands, Texas. N.V. and her family live in Dallas. During summer 2012, when N.V. was seven years old, Reel began sexually abusing N.V. The first instance occurred when N.V. was visiting Reel and Dorothy at their home in The Woodlands. Shortly after N.V. arrived at her grandparents' house, she called her mother J.V., crying and expressing a desire to return home. N.V. would later describe that Reel had put his hands down N.V.'s pants, under her underwear, and touched the inside of her "private part."[2]

Reel and Dorothy would visit N.V. and her family at their Dallas home several times a year, usually on holidays or other special occasions. N.V. testified Reel sexually abused her at the Dallas home on numerous occasions. Once when N.V. was nine or ten years old and her grandparents were visiting, she and Reel were on a couch in an upstairs game room. Reel took off his pants and underwear. He made N.V. touch his penis with her hands and mouth.

On another occasion in the Dallas game room, Reel kissed N.V. and again put his hands inside N.V.'s private part. Reel was about ten years old at the time. N.V.

---

[1] We provide additional detail in our analysis of Reel's sufficiency challenge.

[2] N.V. described "private part" as the place where you pee.

described another incident when Reel began kissing N.V., made her sit on his lap, and then began rubbing his penis against her private parts. This occurred during a Christmas visit, when N.V. was ten to twelve years old.

Reel sexually abused N.V. on numerous other occasions at the Dallas home. N.V. testified the abuse began when she was seven or eight years old and continued until she was about fifteen. According to N.V., the abuse was regular and ongoing, and she never went a year without suffering some type of abuse. The last instance of sexual abuse occurred in late 2019.

In January 2020, when N.V. was fifteen, she told her mother J.V. about the abuse. Reel was eventually arrested and charged with continuous sexual abuse of a child under the age of fourteen. *See* TEX. PENAL CODE § 21.02(b). At trial, the State offered N.V.'s testimony describing the abuse. The State also offered testimony from N.V.'s mother, N.V.'s aunt, and Bibiana Gutierrez, a Dallas Children's Advocacy Center (DCAC) employee who performed a forensic interview of N.V. in February 2020. Finally, State's witness Holly Dotson, the Director of Clinical Services at DCAC, gave general testimony regarding child abuse dynamics.

Reel testified in his defense. He flatly denied ever sexually abusing N.V. or doing anything inappropriate with her. Reel also asserted he could not have abused N.V. as claimed because he suffered from impotence. N.V.'s grandmother also testified on Reel's behalf. She did not believe N.V.'s allegations and similarly claimed Reel had long been impotent. Reel presented expert testimony from Dr.

–3–

Stephen Thorne, a clinical psychologist. Dr. Thorne testified regarding forensic interview techniques in child sexual abuse cases and was critical of some of Gutierrez's forensic interview of N.V.

The jury found Reel guilty of continuous sexual abuse of a young child as charged in the indictment. Reel opted to have the trial court assess his punishment. The trial court sentenced him to twenty-five years' confinement. This appeal followed.

## STANDARD OF REVIEW

In determining whether the evidence is sufficient to support a conviction, we must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)). When facts support conflicting inferences, the reviewing court must presume the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Id.* (citations omitted). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility

–4–

and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

## ANALYSIS

Reel raises two issues on appeal: (1) the evidence is legally insufficient to support his conviction; and (2) the trial court reversibly erred by instructing the jury it could consider any act of abuse up to August 2022. We address each issue in turn.

## I. Legally Sufficient Evidence Supports Reel's Conviction

In his first issue, Reel asserts the evidence is insufficient to support his conviction for continuous sexual abuse of a young child. We disagree.

### A. Legal standards—continuous sexual abuse of a young child

A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen. TEX. PENAL CODE § 21.02(b).

An "act of sexual abuse" includes any act that constitutes aggravated sexual assault of a child. *Id.* § 21.02(c)(4). Relevant here, a person commits the offense of aggravated sexual assault of a child if, regardless of whether the person knows the age of the child at the time of the offense, he intentionally or knowingly (1) causes the penetration of the sexual organ of a child by any means; (2) causes the sexual organ of a child to contact the sexual organ of another person, including the actor;

or (3) causes the mouth of a child to contact the sexual organ of another person, including the actor; and the victim is younger than fourteen years of age. *Id.* § 22.021(a)(1)(B), (a)(2)(B).

The exact dates of the abuse need not be proven; the offense of continuous sexual abuse of a child only requires proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet); TEX. PENAL CODE § 21.02(d) (jury not required to unanimously agree on which specific acts of sexual abuse were committed by defendant or exact dates when those acts occurred, but jury must agree unanimously that defendant, during period of thirty or more days, committed two or more acts of sexual abuse). Additionally, child victims are not required to be specific about the dates the abuse occurred. *Turner v. State*, No. 05-21-00922-CR, 2023 WL 3991662, at *3 (Tex. App.—Dallas June 14, 2023, pet. denied) (mem. op., not designated for publication). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *Garner*, 523 S.W.3d at 271 (citing TEX. CODE CRIM. PROC. art. 38.07(a)). And, an outcry witness may recite the child victim's out-of-court statements concerning the offense, and that testimony is substantive evidence of the crime. *See* TEX. CODE CRIM. PROC. art. 38.072; *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005); *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991).

## B.    Application

Here, the indictment alleged that, on or about July 4, 2017, during a period thirty or more days in duration, Reel committed two or more acts of sexual abuse, specifically: (1) contacting N.V.'s sexual organ with Reel's sexual organ; (2) penetrating N.V.'s sexual organ with Reel's finger; and (3) contacting N.V.'s mouth with Reel's sexual organ. The charge instructed the jury in a similar fashion.

N.V. testified Reel first abused her at Reel's home in The Woodlands during N.V.'s visit there in 2012. N.V. was seven years old at the time. As they lay on an air mattress, Reel put his hands down N.V.'s pants and under her underwear. He touched her "private part" on the inside. N.V. was really upset; she called her mom from a locked bathroom and asked her mom to come pick her up.[3]

N.V. further testified Reel sexually abused her on numerous occasions at N.V.'s Dallas home. Once when N.V. was nine or ten years old and her grandparents were visiting, she and Reel were on a couch upstairs in the game room. Reel took off his pants and underwear and made N.V. touch his penis with her hands and mouth. N.V. testified that during this incident, white creamy liquid came out of his penis.

N.V. described another incident in the Dallas game room when she was about ten years old. Reel kissed her, then put his hands inside her private part. On another

---

[3] We recount The Woodlands incident as part of N.V.'s account of how the abuse began. We do not rely on this incident to support Reel's conviction in Dallas County.

occasion, when N.V. was around eight to ten years old, she and Reel were in the guest bedroom of the Dallas home. Reel was touching the inside of her private part and N.V.'s grandmother walked in on them. Reel ran to the bathroom, and N.V.'s grandmother asked what was happening. N.V. covered up the incident and said she was just looking for something. N.V. did not say anything to her grandmother because N.V. was worried grandmother couldn't function without Reel, and N.V. did not want to break up the family.

N.V. described another incident when the grandparents were visiting for Christmas. During the night, N.V. got up to use the bathroom. As N.V. was using the bathroom, Reel came in and stared kissing her. Reel then sat on the toilet and made N.V. sit on top of him, facing Reel. He then rubbed his penis against her private parts. N.V. was ten or twelve at the time. Reel had done this on another prior occasion.

N.V. testified the abuse began when she was seven or eight years old and continued until she was about fifteen. According to N.V., the abuse was regular and ongoing; she never went a year without suffering some type of abuse.

The jury heard similar testimony from Bibiana Gutierrez, the state's outcry witness who performed the forensic interview of N.V. Gutierrez testified N.V. recounted The Woodlands incident where Reel penetrated N.V.'s privates with his hands. Gutierrez further testified N.V. told her Reel had N.V. lick his private part while on the couch at the Dallas home. N.V. said something white and yellow came

out of Reel's penis. N.V. also told Gutierrez that, when N.V. was twelve or thirteen, Reel touched the inside of her privates with his hand. N.V. also told Gutierrez about the toilet incident where Reel rubbed his penis on N.V.'s genitals.

N.V.'s mother, J.V., testified N.V. called her, crying, shortly after N.V. arrived at her grandparents' home for her first visit there alone in 2012. J.V. stated that N.V. wanted her to come pick her up. N.V.'s aunt also testified N.V. called her, upset, and asked to be picked up. In January 2020, N.V. told her mother Reels had been sexually abusing her but did not provide any details regarding specific acts.

Conversely, Reel completely denied N.V.'s allegations. He testified he never abused N.V., fondled her private parts, made her perform oral sex, or ejaculated on or near her. Reel stated he has suffered from impotence since the 1990s. N.V.'s grandmother Dorothy testified she never witnessed Reel do anything inappropriate with N.V. and did not believe Reel abused N.V. She further testified Reel was impotent, though she offered inconsistent testimony on that issue.

Ultimately, N.V.'s testimony, standing alone, was sufficient to support Reel's conviction for continuous sexual abuse of a young child. N.V.'s testimony supported that Reel intentionally and knowingly, during a period that was thirty or more days in duration, contacted N.V.'s sexual organ with his sexual organ, penetrated N.V.'s sexual organ with his finger, and contacted N.V.'s mouth with his sexual organ, all at a time N.V. was younger than fourteen years of age. *See* TEX. PEN. CODE §§ 21.02(b); 22.021(a)(1)(B)(i), (iii), (v), (a)(2)(B). The testimony of Gutierrez, J.V.,

and N.V.'s aunt tended to corroborate N.V.'s allegations. *See Rodriguez*, 819 S.W.2d at 873 (outcry testimony alone sufficient to support conviction for aggravated sexual assault).

Reel asserts there is legally insufficient evidence to support his conviction because the evidence does not show two or more acts when N.V. was under the age of fourteen. Reel contends the jury had to speculate whether Reel committed acts while N.V. was under the age of fourteen. However, the State did not have to prove the exact dates of the abuse, only that Reel abused N.V. in two or more acts of sexual abuse during a period of thirty days or more when N.V. was under fourteen years old. *See Garner*, 523 S.W.3d at 271; TEX. PENAL CODE § 21.02(d). While N.V. did not give specific dates for the acts, this was not required. *Turner*, 2023 WL 3991662, at *3. It is not often that children will know, even within a few days, the dates they were sexually assaulted. *Sledge v. State*, 953 S.W.2d 253, 256 n.8 (Tex. Crim. App. 1997); *Montero v. State*, No. 05-18-01281-CR, 2019 WL 3229170, at *2 (Tex. App.—Dallas July 18, 2019, no pet.) (mem. op., not designated for publication). And again, when an indictment alleges an offense occurred "on or about" a certain date, the State is not required to prove the offense occurred on the specific date alleged, but only that the offense occurred prior to the presentment of the indictment and within the limitations period. *Sledge*, 953 S.W.2d at 255–56; *see* TEX. CODE CRIM. PROC. art. 21.02(6).

The jury did not have to speculate whether Reel committed the abuse when N.V. was under the age of fourteen. N.V. expressly recounted several acts of sexual abuse at the Dallas house between the time N.V. was eight and twelve years old. She further stated the abuse was regular and ongoing, and she never went a year without suffering some type of abuse. N.V.'s testimony necessarily entails two acts of sexual abuse during a period of thirty days or more, when she was under fourteen years of age. *See Turner*, 2023 WL 3991662, at *3 (children's testimony that defendant committed multiple acts of sexual abuse when they were between twelve and fourteen years old sufficient to support conviction for continuous sexual abuse of a child); *Montero*, 2019 WL 3229170, at *2–4 (evidence sufficient where victim testified sexual abuse occurred when she was eight years old and occurred two to three times a week until she was twelve); *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.) (evidence sufficient to support conviction for continuous sexual abuse of a child; while child victim could not give specific dates, she described instances of sexual abuse occurring over several years and gave details of where the abuse took place, the school grade, or season of the year).

The jury had sufficient evidence to conclude Reel sexually abused N.V. on at least two occasions thirty or more days apart, when N.V. was under fourteen years of age. The jury acts as the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey*, 393 S.W.3d at 768. We defer to their finding and determine the evidence was sufficient to prove Reel committed

continuous sexual abuse of a young child as charged in the indictment. We overrule Reel's first issue.

## II.   The Jury Instruction Does Not Constitute Egregious Error

In his second issue, Reel contends the trial court reversibly erred by instructing the jury it could consider any act of abuse up to August 20, 2022. We disagree.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id.* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* Jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Id.* When the defendant fails to object or states he has no objection to the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743-44.

Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory. *Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021) (citing *Ngo*, 175 S.W.3d at 750). To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, and anything else in the record that informs our analysis. *Id.* The record must show the defendant suffered actual harm, not

–12–

theoretical harm, and neither party has burden to show harm. *Id.* Egregious harm is a "high and difficult standard" to meet. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015).

Here, the jury charge included an erroneous ending date for the alleged abuse:

The indictment alleges an offense to have taken place "on or about the 4th day of July, 2017." With respect to the offense of Continuous Sexual Abuse of a Young Child, the State is not required to prove the exact date alleged in the indictment, but may prove that the offense, if any, was committed during any period of 30 days or more beginning on or after September 1, 2007, and ending before August 20, 2022, the date that the indictment was returned.

The use of "August 20, 2022" appears to be a typographical error, as the actual return date of the indictment is August 20, 2020. Reel asserts this erroneous instruction allowed the jury to consider any act of abuse up to August 20, 2022, including acts of abuse when N.V. was not under fourteen years old.[4] We assume the inclusion of the incorrect indictment return date in the instruction was error. However, Reel did not object to the jury charge. Therefore, we will not reverse for jury-charge error unless the record shows egregious harm. *Ngo*, 175 S.W.3d at 743-44.

Our Court of Criminal Appeals has stated: "Where the application paragraph of the charge correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see also Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) ("It is the

---

[4] N.V. would have turned fourteen years old in December 2018.

application paragraph of the charge, not the abstract portion, that authorizes a conviction.").

Here, while the abstract portion of the jury charge quoted above contained an erroneous date of the indictment's return, the application portion correctly tracked the indictment:

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Kenneth Reel, on or about the 4th day of July, 2017, in the County of Dallas and State of Texas, did then and there intentionally or knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against N.V., a child younger than 14 years of age, hereinafter called the complainant, namely by: the contact of the complainant's female sexual organ by the defendant's sexual organ, or by the penetration of the complainant's female sexual organ by the defendant's finger, or by the contact between the mouth of the complainant and the sexual organ of the defendant, then you will find the defendant guilty of the offense of Continuous Sexual Abuse of a Young Child, as charged in the indictment. (emphasis added).

The application paragraph thus specifically limited the jury's consideration to acts "against N.V., a child younger than 14 years of age…." Other portions of the jury charge defined "Continuous Sexual Abuse of a Young Child" to require that the victim be a child younger than fourteen years of age at the time of the offense. Absent evidence to the contrary, we presume the jury followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

Moreover, as discussed above, sufficient evidence showed Reel committed two or more acts of sexual abuse over a period of thirty or more days, at a time when N.V. was under fourteen years old, and prior to the return date of the indictment. *See*

–14–

TEX. PENAL CODE § 21.02(d) (jury is not required to agree unanimously on the exact date when the acts of sexual abuse were committed; jury must agree unanimously that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse). During closing argument, the State referenced the correct return date of the indictment (August 20, 2020). Furthermore, Reel's defense did not depend upon the accuracy of the dates listed in the jury instruction (or the indictment). Reel's defense was to categorically deny he sexually abused N.V. and to place N.V.'s credibility at issue.

Considering the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel, we conclude any error in the abstract portion of the charge does not constitute egregious harm. *Medina*, 7 S.W.3d at 640.[5] We overrule Reel's second issue.

## III. State's Cross-points

In two cross-points, the State asks us to modify the judgment to reflect: (1) an affirmative finding the victim was younger than fourteen years old; and (2) the age of the victim was nine or ten years old. We agree.

---

[5] Reel also asserts, without discussion, that the jury could have considered two acts that did not occur in Dallas. Aside from the fact Reel has not adequately briefed the issue, his argument lacks merit. *See* TEX. R. APP. P. 38.1(i). The jury charge instruction—like the indictment—limited the charges to those acts occurring in Dallas County. Again, absent evidence to the contrary, we presume the jury followed the trial court's instructions. *Thrift*, 176 S.W.3d at 224.

This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

In the trial of a sexually violent offense, the judge must make an affirmative finding of fact and enter the affirmative finding in the judgment if the court determines the victim was younger than fourteen years of age at the time of the offense. TEX. CODE CRIM. PROC. art. 42.015(b). A "sexually violent offense" includes continuous sexual abuse of a young child when "committed by a person 17 years of age or older." *Id.* art. 62.001(6)(A).

Furthermore, continuous sexual abuse of a young child is an offense subject to the sex-offender registration requirements of Chapter 62. TEX. CODE CRIM. PROC. arts. 62.001(5)(A), 62.051(a). When sex-offender registration is required, the judgment must contain (1) a statement that the registration requirement of Chapter 62 of the Code of Criminal Procedure applies to the defendant, and (2) a statement of the age of the victim. *Id.* art. 42.01, § 1(27).

The record reflects Reel was approximately seventy-nine to eighty-four years old during the time of the assaults. N.V. was approximately nine or ten years old when abuse occurred at the Dallas house. However, the judgment (1) omits an affirmative finding the victim was younger than fourteen years of age; (2) omits a statement that the registration requirement of Chapter 62 of the Code of Criminal

Procedure applies to Reel;[6] and (3) omits a statement of the victim's age. Accordingly, we will modify the trial court's judgment to (1) reflect an affirmative finding the victim was younger than fourteen years of age; (2) reflect that the registration requirement of Chapter 62 of the Code of Criminal Procedure applies to Reel; and (3) include a statement of the victim's age.

It is incumbent on the trial court and the district clerk's office to issue judgments that properly reflect what occurred in any given case. *See* TEX. CODE CRIM. PROC. art. 42.01 (setting out required provisions of a criminal judgment). It is also incumbent on counsel to review judgments for any errors and seek to correct such errors while the trial court retains plenary power so that accurate judgments can be prepared. This Court should not be tasked with correcting the trial court's judgments time and time again. Because the trial court's judgment contains numerous errors as discussed above, we sustain the State's two cross-points.

## CONCLUSION

There is legally sufficient evidence to support Reel's conviction for continuous sexual abuse of a young child. And, even if the abstract portion of the jury charge included an erroneous date for the return of indictment, the application paragraph of the charge correctly instructed the jury to only consider those acts of

---

[6] Contrary to the State's assertion, the trial court judgment does not reflect Reel is required to register as a sex offender.

abuse when N.V. was under the age of fourteen. Accordingly, any error regarding the return date of the indictment in the charge was not egregious error.

The trial court judgment omits several required findings regarding the victim's age and the sex-offender registration requirements. Accordingly, we modify the judgment as follows:

- The section "Furthermore, the following special findings or orders apply," is modified to add: "The Court affirmatively finds the victim was younger than fourteen years of age at the time of the offense."

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark.

- "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was nine or ten years old."

As modified, we affirm the judgment of the trial court. The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).


230357f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

–18–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KENNETH WALDEN REEL,
Appellant

No. 05-23-00357-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F-2032115-I. Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- The section "Furthermore, the following special findings or orders apply," is modified to add: "The Court affirmatively finds the victim was younger than fourteen years of age at the time of the offense."

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark.

- "The age of the victim at the time of the offense was N/A" is modified to read "The age of the victim at the time of the offense was nine or ten years old."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

Judgment entered this 25th day of November, 2024.